UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RUBY LEVI and EMILY CHICOINE, on behalf of themselves and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| GULLIVER'S TAVERN, INCORPORATED, SOLID GOLD PROPERTIES, INC., THOMAS TSOUMAS, and PATRICIA TSOUMAS, all d/b/a THE FOXY LADY, | ) ) ) ) ) ) |
| Defendants. | ) |

**CLASS ACTION**

Civ. A. No. 1:15-cv-216S-PAS

**JURY DEMAND**

## FIRST AMENDED CLASS ACTION COMPLAINT

### The Parties

1. Plaintiff Ruby Levi lives in Mapleville, Rhode Island. Ms. Levi worked as an exotic dancer at the Foxy Lady from about May 2012 until about July 2014.

2. Plaintiff Emily Chicoine lives in Providence, Rhode Island. Ms. Chicoine worked as an exotic dancer at the Foxy Lady from about September 2013 until about February 2015.

3. Ms. Levi and Ms. Chicoine bring this claim on behalf of themselves and all other similarly situated individuals, namely, all individuals who have worked as exotic dancers at the Foxy Lady located at 318 Chalkstone Avenue in Providence, Rhode Island, during the three-year period preceding the filing of this action.

4. Ms. Levi and Ms. Chicoine worked as exotic dancers at the Foxy Lady, a strip club located in Providence, Rhode Island. Defendants Gulliver's Tavern, Incorporated, Solid Gold Properties, Inc., Thomas Tsoumas, and Patricia Tsoumas own and operate the Foxy Lady, and have employed numerous women to work there as exotic dancers. Defendants have

1

traditionally misclassified these dancers as independent contractors, rather than employees. Moreover, they have failed to pay their exotic dancers a base wage, and have required them to pay illegal fees, fines, and "tip outs" as a condition of their employment. These practices violate state and federal law, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Rhode Island Minimum Wage Act, Gen. Laws § 28-12-1 (1956) et seq., and the Rhode Island Payment of Wages Law, Gen. Laws § 28-14-1 (1956) et seq.

5. Defendant Gulliver's Tavern, Incorporated, is a domestic corporation incorporated under the laws of the State of Rhode Island. Gulliver's Tavern maintains its principal office at 318 Chalkstone Avenue in Providence, Rhode Island, and is one of the entities that owns and operates the Foxy Lady.

6. Defendant Solid Gold Properties, Inc., is a domestic corporation incorporated under the laws of the State of Rhode Island. Solid Gold Properties maintains its principal office at 318 Chalkstone Avenue in Providence, Rhode Island, and is one of the entities that owns and operates the Foxy Lady.

7. Defendant Thomas Tsoumas lives in Canton, Massachusetts. Mr. Tsoumas is one of the owners, operators, and managing partners of the Foxy Lady.

8. Defendant Patricia Tsoumas lives in Canton, Massachusetts. Ms. Tsoumas is one of the owners and officers of Gulliver's Tavern and Solid Gold Properties, and is one of the owners, operators, and managing partners of the Foxy Lady.

**Jurisdiction**

9. The Court has original jurisdiction under 28 U.S.C. § 1331, as a federal claim is alleged in this case, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

## Collective and Class Action Allegations

10. Ms. Levi and Ms. Chicoine bring this lawsuit on their own behalves and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, and section 28-14-19.2 of the Rhode Island Payment of Wages Law.  In this action, they seek to recover classwide damages arising from Defendants' misclassification of their exotic dancers, their failure to pay wages, and their practice of requiring dancers to pay unlawful fees, fines, and tip-outs to ineligible employees.  In addition, they seek to recover liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs, all as provided for by law.

11. Ms. Levi and Ms. Chicoine seek to represent the following class under Rhode Island law and the FLSA: all individuals who have worked for Defendants as exotic dancers at the Foxy Lady at 318 Chalkstone Avenue in Providence, Rhode Island, at any time during the three-year period prior to the filing of this action.

12. Joinder is impracticable due to the size and composition of the class, the nature of the claims and relief sought, the remedial purpose of the underlying claims, and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of wage rights to aggrieved employees.  The class is likely to be comprised of several hundred members.

13. There are issues of law and fact common to all class members, because Defendants' employment and wage practices similarly affected all class members.  The common questions of law and fact predominate over any questions affecting individual class members.

14. The claims of the named plaintiffs are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices and suffered similar harms.

15. Ms. Levi and Ms. Chicoine will fairly and adequately represent the interests of the class because they do not have a conflict of interest with the class members. The undersigned counsel will fairly and adequately represent the class members' interests because they have substantial experience in this field.

16. In addition to 29 U.S.C. § 216(b), this lawsuit should be maintained as a class action for the reasons enumerated in Fed. R. Civ. P. 23(b)(1), 23(b)(2) and 23(b)(3).

## Statement of Facts

17. Defendants own and operate a strip club in Providence called the Foxy Lady. Defendants employ women to work as exotic dancers at the Foxy Lady, including Ms. Levi and Ms. Chicoine. The exotic dancers provide adult entertainment to customers in the form of live nude and semi-nude dancing.

18. Defendants classify their exotic dancers as independent contractors, rather than as employees. However, the exotic dancers who have worked at the Foxy Lady do not qualify as independent contractors under state or federal law. Specifically:

    a. The exotic dancers at the Foxy Lady perform a service that is part of the Defendants' regular course of business, namely, the operation of a strip club that provides adult entertainment in the form of live nude and semi-nude exotic dancing.

    b. The exotic dancers are not engaged in a distinct occupation or business. They perform services at Defendants' facility (the Foxy Lady) and as part of Defendants' usual business operations.

    c. Defendants have an unlimited right to discipline and terminate the exotic dancers at will. Indeed, Defendants routinely reprimand and terminate exotic dancers for various reasons.

  d.  Defendants require the exotic dancers to perform a certain number of stage dances each shift, and actively encourage them to be "out on the floor" soliciting private dances from customers.

  e.  Defendants require the exotic dancers to report their availability to management in advance for scheduling purposes. When they fail to do so, they are not permitted to work.

  f.  Defendants employ managers and "house moms," whose sole purpose is to supervise the exotic dancers, e.g., by taking attendance, making sure that they perform their stage dances, and making sure they comply with the club's rules and policies.

  g.  Defendants require the exotic dancers to work "holiday parties," which are specific shifts that take place during various seasonal holidays. Exotic dancers who do not work holiday parties are not permitted to work for two weeks.

  h.  Defendants require the exotic dancers to work at least three shifts per week. Defendants do not allow their exotic dancers to leave the club on personal business while they are "on shift," unless they get management approval. Managers frequently deny the dancers permission to leave the club.

19.  Defendants do not pay their exotic dancers a base wage. The only compensation that the exotic dancers receive while working at the Foxy Lady are tips paid by customers.

20.  In order to work at the Foxy Lady, Defendants require their exotic dancers to pay a "shift fee" of $40 once per week, typically on Sunday. If an exotic dancer does not pay the fee, Defendants will not allow that dancer to work that week.

21. In addition to the $40 per-week shift fee, Defendants at times collect "fines" from their exotic dancers for various infractions of the club's rules or policies. For example, Defendants will "fine" exotic dancers who fail to do their requisite stage performances.

22. Defendants also require the exotic dancers to "tip out" employees who are not eligible to receive tips, including the club's "house moms," bouncers, and disc jockeys. The amount of these tip outs range from $5 to $10 per person per shift, depending on who is being tipped out and what day of the week it is.

## Count I
## Fair Labor Standards Act, 29 U.S.C. § 206
## (Failure to Pay the Federal Minimum Wage)

23. As set forth above, Defendants' failure to pay their exotic dancers the federal minimum wage violates the Fair Labor Standards Act, 29 U.S.C. § 206(a). Plaintiffs bring this claim on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b).

## Count II
## Fair Labor Standards Act, 29 U.S.C. § 203
## (Unlawful Tip Sharing)

24. As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m). Plaintiffs bring this claim on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b).

## Count III
## Rhode Island General Laws § 28-14-19.1
## (Independent Contractor Misclassification)

25. As set forth above, Defendants' misclassification of their exotic dancers as independent contractors, rather than as employees, violates section 28-14-19.1 of the Rhode

Island Payment of Wages Law.  Plaintiffs bring this claim on behalf of themselves and all others similarly situated pursuant to Rhode Island Gen. Laws § 28-14-19.2.

## Count IV
## Rhode Island General Laws § 28-12-3
### (Failure to Pay the State Minimum Wage)

26. As set forth above, Defendants' failure to pay their exotic dancers the state minimum wage violates section 28-12-3 of the Rhode Island Minimum Wage Act.  Plaintiffs bring this claim on behalf of themselves and all others similarly situated pursuant to Rhode Island Gen. Laws § 28-14-19.2.

## Count V
## Rhode Island General Laws §§ 28-14-2 & 28-14-2.2
### (Unlawful Fees and Fines)

27. As set forth above, Defendants' requirement that their exotic dancers pay "shift fees" and "fines" in order to work at the Foxy Lady violates sections 28-14-2 and 28-14-2.2 of the Rhode Island Payment of Wages Law.  Plaintiffs bring this claim on behalf of themselves and all others similarly situated pursuant to Rhode Island Gen. Laws § 28-14-19.2.

## Count VI
## Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202
### (Declaratory Relief)

28. As set forth above, an actual controversy has arisen amongst the parties.

29. A declaratory judgment entered by this Court will terminate the uncertainty and controversy amongst the parties.

30. Plaintiffs bring this claim on behalf of themselves and all others similarly situated pursuant to 28 U.S.C. §§ 2201 and 2202.

**Prayer for Relief**

Plaintiffs respectfully request that the Court enter the following relief:

1. Permission to issue notice to all similarly situated individuals informing them about this lawsuit and giving them an opportunity to opt in pursuant to 29 U.S.C. § 216(b).

2. Certification of the state law claims in this case as a class action pursuant to Fed. R. Civ. P. 23 or Rhode Island Gen. Laws § 28-14-19.2.

3. A declaratory judgment that the exotic dancers at the Foxy Lady are and were at all relevant times employees, not independent contractors, under state and federal law.

4. An award of compensatory damages in the form of unpaid wages, minimum wages, tips or gratuities, and restitution for the unlawful fees and fines that the exotic dancers paid in order to work at the Foxy Lady.

5. Liquidated damages.

6. Pre- and post-judgment interest.

7. Attorneys' fees and costs.

8. Any other relief which this Court deems proper.

**Plaintiffs demand a trial by jury on all issues so triable.**

> Respectfully submitted,
> RUBY LEVI and EMILY CHICOINE, on behalf of themselves and all others similarly situated,
>
> By their attorneys,
>
> /s/ Stephen J. Brouillard
> Stephen J. Brouillard, Esq. (6284)
> BIANCHI & BROUILLARD, P.C.
> 56 Pine Street, Suite 250
> Providence, RI  02903
> Tel.   (401) 223 - 2990
> Fax.   (877) 548 - 4539
> sbrouillard@bbrilaw.com

        Brant Casavant (Mass. BBO #666029)
          pro hac vice application pending
        Stephen Churchill (Mass. BBO #564158)
          pro hac vice application pending
        FAIR WORK, P.C.
        192 South Street, Suite 450
        Boston, MA 02111
        Tel.    (617) 607 - 3261
        Fax.   (617) 488 - 2261
        brant@fairworklaw.com
        schurchill@fairworklaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 15, 2015.

        /s/ Stephen J. Brouillard