UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RUBY LEVI and EMILY CHICOINE on behalf of themselves and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Civ. A. No. 1:15-cv-216S-PAS |
| GULLIVER'S TAVERN, INCORPORATED, SOLID GOLD PROPERTIES, INC., d/b/a THE FOXY LADY, | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 56 STATEMENT OF FACTS**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56(a)(3), Plaintiffs submit this statement in response to Defendants' Rule 56 Statement of Undisputed Facts.

**Plaintiffs' Responses**

11. Disputed to the extent that this statement implies that auditioning is optional or voluntary. New entertainers are required to audition prior to working at the Foxy Lady. No entertainer is permitted to work at the Foxy Lady without first auditioning. *See* Plaintiffs' Statement of Additional Undisputed Facts ["Add. Fact Stmt."], ¶ 108.

22. Disputed to the extent that Exhibit A speaks for itself. Further, on their face, not all of the items identified in Exhibit A appear designed to ensure the entertainers' safety and compliance with the law. For example, Exhibit A states that entertainers should "have respect for other entertainers," "you must be dressed before you leave the stage or dance area," and "no one is allowed to enter the DJ area for any reason," none of which appear to address safety concerns or are required by law.

1

26. Admitted, with clarification. Emily Chicoine testified that she only worked at Rhode Island Dolls "two or three times" during 2014, and that she only worked for Ladder 133 on a single occasion, specifically, she "go-go danced" at "their block party." Chicoine Dep. 63:22-64:17, 69:19-70:19.

31. Disputed, in part. Ms. Chicoine testified that a manager named Carol Moran would "send her home" if she did not like the way Ms. Chicoine was dressed. "Like I've gotten yelled at plenty of times for things that I've worn or – like when she [Ms. Moran] told me that I had to start wearing long sleeves, I came in with a top on. She sent me home before. Stuff like that." Emily Chicoine Deposition (Exhibit 10 to Plaintiffs' Statement of Additional Undisputed Facts) at 88-89.

33. Admitted, with clarification. Ms. Chicoine testified that "pole fitness" was "just like a hobby" of hers. Defendants do not cite any testimony or other evidence establishing that the pole Ms. Chicoine installed in her home was related to work as an entertainer. Chicoine Dep. 128:6-23.

36. Admitted, with clarification. Ms. Chicoine testified was that she used Snapchat (a smartphone-based social media application) to communicate "friends who were more interested in dating me, so I would try to get them to come in." The "majority" of these people would periodically contact her to say, "I want to come visit you soon." In response to such communications, Ms. Chicoine would tell these friends where and when she was working. Chicoine Dep. 126:8-127:17.

39. Disputed, in part. Ms. Chicoine testified that she and the other entertainers "had to work three shifts a week," meaning a minimum of at least three shifts. Chicoine Dep. 144:14-145:6.

40. Disputed to the extent that Ms. Chicoine contests the accuracy of the Performance Records that were maintained by the Club. Chicoine Dep. 179:8-181:13.

42. Disputed to the extent that Ms. Chicoine contests the accuracy of the Performance Records that were maintained by the Club. Chicoine Dep. 179:8-181:13.

44. Disputed, in part. Ms. Chicoine testified that she worked "Legs and Eggs" shifts occasionally, but not "very frequently because I had my son." In order to avoid working those shifts, Ms. Chicoine "had to basically give Lauri [sic, meaning Lori Savickas] proof on why [she] wasn't able to work those mornings." Chicoine Dep. 146:18-21.

51. Disputed to the extent that it is unclear what Defendants mean by "sporadically." Admitted that Ruby Levi performed as an entertainer at the Club between April 2012 and December 2014.

52. Admitted, with clarification. Ms. Levi did not work at other establishments at the same time that she was working at the Foxy Lady. Further, she performed at some of those establishments only briefly. For instance, Ms. Levi testified that she worked at the Hustler Club for "just a weekend" in 2008. Levi Dep. 72:25-73:1, 73:11-13; Ruby Levi Deposition (Exhibit 9 to Plaintiffs' Statement of Additional Undisputed Facts) at 69, 71-72.

58. Disputed, in part. Ms. Levi testified that she and the other entertainers were required to work at least three shifts per week. "Minimum three shifts a week. We submitted a schedule slip by a certain day every week. I believe it was either Sunday or Monday, and if we didn't we weren't able to work the next week." Levi Dep. 137:9-13.

59. Disputed, in part. Ms. Levi testified that she would do so "until they implemented a late fee or a no-show fee," which she believed was in the summer of 2012. Levi Dep. 139:23-140:4.

73.     Disputed.  According to Lori Savickas, one of the Club's managers and house moms, Ms. Levi was "let go" after her former boyfriend attempted to visit her at the Club. Add. Fact Stmt., ¶ 158.

    Respectfully submitted,
    RUBY LEVI and EMILY CHICOINE,
    on behalf of themselves and all others
    similarly situated,

    By their attorneys,

    /s/ Stephen J. Brouillard
    Stephen J. Brouillard, Esq. (BBO #6284)
    BIANCHI & BROUILLARD, P.C.
    The Hanley Building
    56 Pine Street, Suite 250
    Providence, RI  02903
    Tel.     (401) 223 - 2990
    Fax.    (877) 548 - 4539
    sbrouillard@bbrilaw.com

    Brant Casavant (Mass. BBO #666029)
      Admitted *pro hac vice*
    Stephen Churchill (Mass. BBO #564158)
      Admitted *pro hac vice*
    FAIR WORK, P.C.
    192 South Street, Suite 450
    Boston, MA 02111
    Tel.     (617) 607 - 3260
    Fax.    (617) 488 - 2261
    brant@fairworklaw.com
    steve@fairworklaw.com

    **Dated:** May 3, 2017.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 3, 2017.

 /s/ Stephen J. Brouillard
Stephen J. Brouillard, Esq.